UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHINYERE Q. AYIBA, and NELSON ILODIGWE SULEMAN, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. a/k/a, WACHOVIA MORTGAGE, A Division of WELLS FARGO BANK, N.A. and f/k/a WACHOVIA MORTGAGE, FSB, <br><br> Defendant. | § § § § § § § § § § § § § § § CIVIL ACTION NO. H-10-5017 |

## MEMORANDUM AND ORDER

On December 5, 2011, the Court issued a Memorandum and Order (Doc. No. 42, the "December 5th Order") granting in part and denying in part Defendant's Motion for Summary Judgment[1] (Doc. No. 23), and notifying the parties that, if no further briefing was submitted by Defendant, the Court would grant Plaintiffs' request for a preliminary injunction on their breach of contract claim. Defendant submitted supplemental briefing on December 15. (Doc. No. 43.) After considering Defendant's supplemental briefing, the responses thereto, and the applicable law, the Court finds that it must reconsider its partial denial of Defendant's Motion for Summary Judgment. The Court ultimately concludes that summary judgment must be granted to Defendant in full, and that Plaintiffs' request for injunctive relief must be denied.

---

[1] Defendant's motion is styled as a motion to dismiss; however, because the Court considered material beyond the pleadings, Defendant's motion was resolved pursuant to Federal Rule of Civil Procedure 56, as a motion for summary judgment. (Doc. No. 42 at 2.)

1

I.  **BACKGROUND**

The facts of this case are provided in detail in the Court's December 5th Order. As explained in that Order, Plaintiffs Chinyere Q. Ayiba and Nelson Ilodigwe Suleman (the "Plaintiffs") have presented testimony, pleadings, and in-court representations by counsel that are confusing and inconsistent. Despite the extent to which these inconsistencies weakened Plaintiffs' case, the Court found that it could not grant summary judgment to Wells Fargo on Plaintiffs' breach of contract claim, and that, absent further evidence, a preliminary injunction preventing the sale of Plaintiffs' home to a third party would be appropriate. The Court's denial of summary judgment and inclination toward granting Plaintiffs' preliminary injunction request was based on a narrow, but important, ground: the Court found, in light of the evidence before it, that Defendants failed to provide Plaintiffs sufficient Notice of Intent to Accelerate prior to foreclosure. Because the document which purported to provide such notice indicated only that Wells Fargo *might* foreclose on Plaintiffs' home, it did not provide the clear and unequivocal notice required by *Ogden v. Gibraltar Savings Association*, 640 S.W.2d 232, at 232-34 (Tex. 1982).

II.  **NEW EVIDENCE**

Since the Court's December 5th Order, Wells Fargo has discovered new evidence indicating that it sent Plaintiffs sufficient Notice of Intent to Accelerate. In addition to the document that the Court found insufficient under *Ogden*, Wells Fargo also sent Notice of Intent to Accelerate (titled "Notice of Intent to Foreclose") to Plaintiff Chinyere Q. Ayiba

2

on September 7, 2010. (Doc. No. 43, Ex. A.)[2] Attached as exhibits to Wells Fargo's supplementary briefing is a copy of this Notice, as well as a certified mail return receipt showing that Ms. Ayiba received the Notice on September 11, 2010. (Doc. No. 43, Ex. B.) The Notice sent to Ms. Ayiba states, "Failure to cure this default on or before October 7, 2010, *will* result in the acceleration of the sums secured by the Security Instrument, making the entire loan immediately due and payable. The lender *will* seek foreclosure which will result in the forced sale of the property." ((Doc. No. 43, Ex. A) (emphasis added).) Because this Notice uses unequivocal language, it satisfies the *Ogden* requirements. 640 S.W.2d at 232-34.[3]

In response to Wells Fargo's supplementary briefing, Plaintiffs dispute the authenticity and admissibility of the newly provided notices; specifically, Plaintiffs argue that the notices are hearsay and do not meet the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Federal Rule of Evidence 803(6) provides, in relevant part, that "records of a regularly conducted activity" are not excluded by the hearsay rule if such records are (1) "made at or near the time by—or from information transmitted by—someone with knowledge;" (2) "kept in the course of a regularly conducted activity of a business;" and (3) made "as a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C). These conditions must be shown "by the testimony of the custodian or another

---

[2] Ms. Ayiba is the only obligor on the debt at issue, since, as the Deed of Trust indicates, the "Borrower" is "Ayiba Queendalyn Chinyere, a Married Woman." (Doc. No. 40.) Thus, as long as Ms. Ayiba received adequate Notice of Intent to Accelerate, any deficiency in the notice sent to Mr. Suleman is irrelevant.
[3] Wells Fargo's supplementary briefing reflects that this September 7th Notice of Intent to Foreclose was the third attempt by Wells Fargo to send to Ms. Ayiba such notice. Wells Fargo also mailed Notice of Intent to Foreclose to Ms. Ayiba via certified mail, with return receipt requested, on May 18, 2010. (Doc. No. 43, Ex. C.) The United States Postal Service returned this mailing to Wells Fargo as "unclaimed." (*Id.*) Wells Fargo sent another Notice of Intent to Foreclose to Ms. Ayiba via certified mail, with return receipt requested, on July 27, 2010. (Doc. No. 43, Ex. D.) Wells Fargo has no information as to whether the July 27 mailing was returned to Wells Fargo. (Doc. No. 43, at 4 n.2.) These two notices, like the September 7th notice that Ms. Ayiba actually received, contain language sufficient to satisfy *Ogden*. As the September 7th notice serves as appropriate Notice of Intent to Accelerate, the Court need not consider (and the parties do not discuss) whether the two prior notices, sent via certified mail, would have been sufficient.

qualified witness," and "neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(D), (E). The Court finds that Defendant's evidence meets all of the Rule 803(6) requirements.

In support of its additional briefing, Wells Fargo submitted the affidavit of Renata Rilling, the Vice President of Loan Documentation for Wells Fargo. (Doc. No. 45.) Ms. Rilling avers that she is the custodian of records pertaining to Ms. Ayiba. She states that the copies of notice attached to Wells Fargo's supplementary briefing are "exact duplicates and true and correct copies of the originals that are maintained in the books and records of Wells Fargo." (*Id.* ¶ 3.) The Court finds Ms. Rilling to be a qualified witness, and does not find lack of trustworthiness in either Ms. Rilling or in the circumstances surrounding the preparation of these documents. Mr. Rilling asserts that these records are kept by Wells Fargo in the ordinary course of business, and that the records were made by a Wells Fargo employee or representative with "knowledge of the act, event, condition, opinion or diagnoses." (*Id.* ¶ 5.) She further indicates that the records were made at or near the time of the events they record, or shortly thereafter. (*Id.* ¶ 6.) Ms. Rilling's affidavit convinces the Court that these documents are admissible under Rule 803(6).

### III. RECONSIDERATION OF DENIAL OF WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.

1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 2011); *In re BP Shareholder Derivative Litigation*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's partial denial of Defendant's Motion for Summary Judgment and Defendant's Motion for Reconsideration, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

As explained above, the Court's denial of Wells Fargo's Motion for Summary Judgment was based on the fact that, in light of the evidence then before the Court, Wells Fargo appeared to have provided insufficient Notice of Intent to Accelerate to the Plaintiffs. The Court's misunderstanding was due to misrepresentations of fact by Plaintiffs (which may have been entirely innocent), as well as Defendant's failure to provide relevant evidence, which Defendant blames on Plaintiffs' misrepresentations. While the Court laments the late discovery of key evidence in this case, the new evidence does reflect a manifest error of fact in the Court's prior holding. Specifically, the newly

presented evidence makes plain that Wells Fargo did provide Ms. Ayiba adequate Notice of Intent to Accelerate. Upon reconsideration of this new evidence, and for the reasons discussed in the Court's December 5th Order, the Court finds that Wells Fargo's Motion for Summary Judgment must be granted in its entirety.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Wells Fargo's Motion for Summary Judgment must be **GRANTED**. Plaintiffs' request for injunctive relief must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of December, 2011.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE